IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN M. MCCURDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 17-030-GMS |
| | ) |
| U.S.D.A. RURAL DEVELOPMENT, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

The plaintiff, John M. McCurdy ("McCurdy"), filed this lawsuit on January 11, 2017, alleging fraud by the defendant U.S.D.A. Rural Development ("USDA"). (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.  BACKGROUND**

McCurdy alleges that between September 2003 through August 2015, the USDA participated with one or more persons in defrauding him with regard to his home loan. McCurdy alleges the USDA and others allowed unauthorized changes and charges to his home loan account and others allowed fraudulent activity including unauthorized: address changes, account information, account access without password authentication, loan changes without permission, second loan, and hardship deferments. McCurdy alleges the fraudulent activity caused him financial and credit damage, irreversible harm to his credit line and credit history, and harmed his ability to gain stable employment and obtain other loans. He seeks compensatory and punitive

and the removal of all credit lines with regard to the home loan agreement and any other agreement affiliated with the home loan account.

## II. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because McCurdy proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before

2

dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant McCurdy leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

McCurdy alleges that a federal defendant engaged in fraud causing him harm. The Federal Tort Claims Act ("FTCA") provides a remedy in damages for the tortious conduct of employees of the United States. *See United States v. Muniz*, 374 U.S. 150, 150 (1963). The FTCA "was designed primarily to remove the sovereign immunity of the United States from suits in tort and, with certain specific exceptions, to render the Government liable in tort as a private individual would be under like circumstances." *Sosa v. Alvarez-Machain*, 542 U.S. 692, 700 (2004). The FTCA provides a limited, expressed waiver of sovereign immunity of tort claims brought against the Government and its agencies. *Smith v. United States*, 507 U.S. 197, 113 (1993).

Section 1346(b) of Title 28 provides that immunity is waived: for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b). However, the waiver of immunity is not without limitations. Under § 2680(h) the immunity exceptions do not apply to "[a]ny claim arising out of . . . misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h).

The complaint must be dismissed in light of § 2680(h). If plaintiff's allegations are construed as alleging interference with contract rights, then recovery is barred under § 2680(h). Similarly, the FTCA is of no assistance to McCurdy's claims of fraud because they fall squarely under the exemption of claims arising out of "misrepresentation" or "deceit" under § 2680(h).

4

*Beneficial Consumer Discount Co. v. Poltonowicz*, 47 F.3d 91, 96 (3d Cir. 1995) ("courts have consistently held that fraud claims against the government are not permitted under the FTCA"); *see also Brobst v. United States*, 659 F. App'x 135, 137 n.1 (3d Cir. 2016) (unpublished). Accordingly, the court will dismiss the complaint as legally frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

In addition, in reviewing the complaint, it does not appear that this court has subject matter jurisdiction. The court is permitted to raise the issue of subject matter jurisdiction *sua sponte*. *See Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995) ("Federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte* . . . .").

There are no allegations that McCurdy exhausted his administrative remedies with respect to his FTCA claims as is required. The FTCA provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).

"Fulfillment of the administrative exhaustion requirement is essential to a court's subject matter jurisdiction over a claim under the FTCA. A complaint's failure to allege exhaustion of administrative remedies, therefore, requires dismissal of the complaint for lack of subject matter jurisdiction." *Biase v. Kaplan*, 852 F. Supp. 268, 283 (D.N.J. 1994) (citations omitted). McCurdy fails to allege that he has exhausted his administrative remedies by filing an

5

administrative claim. Accordingly, the complaint will also be dismissed for lack of subject matter jurisdiction.

## IV. CONCLUSION

For the above reasons, the court will dismiss the complaint as legally frivolous and for lack of subject matter jurisdiction pursuant to 28 U.S.C. §1915(e)(2)(B)(i). The court finds amendment futile.

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

April 25, 2017
Wilmington, Delaware